27 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP
BUILDERS, BLACKSMITHS, FORGERS AND HELPERS AFL-CIO; Lodge
1086 of the International Brotherhood of Boilermakers, Iron
Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO;
William Banks; Paul Kornokovich and John Doe, Plaintiffs-Appellants,
v.
PARK OHIO INDUSTRIES, INC.; Park Drop Forge Division, Park
Ohio Industries, Inc.; Park Drop Forge Division, Park Ohio
Industries, Inc. Health and Pension Plan; Edward Crawford,
Chairman and Trustee; and Lee Demastry, Human Relations
Director, Defendants-Appellees.
 No. 93-3623.
 United States Court of Appeals, Sixth Circuit.
 May 26, 1994.
 
 Before: KENNEDY and SILER, Circuit Judges; and HILLMAN, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the District Court's order granting summary judgment for defendants in this action for breach of certain collective bargaining agreements, pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and for breach of fiduciary duty, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sec. 1001, et seq. For the reasons stated, we affirm in part and reverse and remand in part.
 
 I.
 
 2
 Plaintiffs are the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO; Lodge 1086 of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers; retiree William Banks; retiree Paul Kornokovich; and various John Does who allegedly face loss of health care benefits.[1] The plaintiffs are themselves or represent participants or beneficiaries of the Park Drop Forge Division, Park Ohio Industries, Inc., Health and Pension Plan. Defendants are Park Ohio Industries, Inc.; Park Drop Forge Division of Park Ohio Industries, Inc.; Park Drop Forge Division of Park Ohio Industries, Inc., Health and Pension Plan; Edward Crawford, Chairman and Trustee; and Lee Demastry, Human Relations Director.
 
 
 3
 The plaintiff retirees allege that they were granted health benefits under a series of collective bargaining agreements entered into by the defendants and the unions. The collective bargaining agreements divide the retirees with the disputed health benefits into three classes: (1) those who retired prior to 1981 from Lodge 1086 or those who retired prior to 1983 from Lodge 1670;[2] (2) those who retired from Lodge 1086 between 1981 and 1988 or from Lodge 1670 between 1983 and 1988; and (3) those who retired after 1988.
 
 
 4
 Prior to 1993, defendants claim they gratuitously paid an unspecified portion of health insurance premiums for retirees. In January 1993, defendants notified approximately 150 of 377 retirees, including Banks and Kornokovich, that their share of medical insurance premiums would be increased or their coverage discontinued.
 
 
 5
 The plaintiffs then filed suit seeking temporary and permanent injunctive relief, among other remedies, to prevent the termination of medical insurance benefits for retired employees. Plaintiffs asserted that termination would breach the retired employees' contractual rights to vested medical insurance benefits pursuant to section 301 of the Labor Management Relations Act and constitute a breach of fiduciary duty under ERISA. The District Court initially issued a temporary restraining order enjoining the defendants from terminating, reducing or otherwise modifying the health care benefits of its retired employees. Subsequently, the parties stipulated that the District Court could consider their various motions and briefs on the preliminary injunction issue as cross-motions for summary judgment as well as any exhibits attached thereto. Joint App. at 203. The District Court granted defendants' motion for summary judgment, concluding that the retirees were not entitled to health benefits.[3] This timely appeal followed.
 
 II.
 
 6
 This Court reviews a District Court's grant of summary judgment de novo, "making all reasonable inferences in favor of the nonmoving party to determine if a genuine issue of material fact" exists. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Viewing the evidence in the light most favorable to the nonmoving party, this Court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).
 
 III.
 
 7
 Initially, the plaintiffs argue that the District Court erred in granting summary judgment for the defendants because only excerpts of the collective bargaining agreements were submitted for review. Specifically, the plaintiffs argue that without the complete contractual language governing the parties' relationship, the District Court could not find the collective bargaining agreements unambiguous and interpret the agreements as a matter of law.
 
 
 8
 We disagree. In a motion for summary judgment, the moving party bears the initial burden of showing that no genuine issue of material fact remains in dispute. Celotex Corp., 477 U.S. at 323. If the moving party meets this burden, the party opposing the motion "must come forward with specific facts or affidavits to support its claims and show the existence of a genuine, material issue in dispute." National Solid Wastes Mgmt. Ass'n v. Voinovich, 959 F.2d 590, 592 (6th Cir.1992).
 
 
 9
 The plaintiffs have failed to meet this burden. The plaintiffs cannot complain that the District Court failed to review the entire text of the collective bargaining agreements because the plaintiffs did not produce the contracts for the District Court's review. Thus, the District Court did not err in granting summary judgment for the defendants when it only reviewed certain excerpts of the collective bargaining agreement. It was entitled to conclude that the portions submitted were the only relevant portions of the contracts.
 
 IV.
 
 10
 Next, Kornokovich argues that the District Court erred when it concluded that he was not entitled to medical insurance benefits as a retiree under any of the collective bargaining agreements.
 
 
 11
 Kornokovich retired in 1974. Although Kornokovich argued to the District Court that he was entitled to health benefits as a retiree under the terms of the 1973-76 collective bargaining agreement, he has abandoned this argument on appeal. Instead, he argues that he is entitled to medical insurance benefits as a retiree under the terms of the 1979-82 collective bargaining agreement.
 
 
 12
 The 1979-82 collective bargaining agreement, with regard to retiree health insurance, provides:
 
 
 13
 23.6 Effective June 1, 1980, and thereafter, the Company will continue to carry coverage for the early retirees at age 62 or any employee under disability retirement their hospitalization and surgical benefits in effect at the date of their retirement and upon age of 65 will revert to Medicare payment for retiree and spouse. Any employee selected to work after age 65, the Company will continue to pay Medicare premium for employee and spouse. The Company will pay half and the retiree will pay half the cost of the Insurance Premium.
 
 
 14
 Effective June 1, 1981, the Company will pay the entire cost of the Insurance Premium for retired employees.
 
 
 15
 Joint App. at 171 (emphasis added).
 
 
 16
 "Ambiguity exists ... where contract language is susceptible to two or more reasonable interpretations." Potti v. Duramed Pharmaceuticals, Inc., 938 F.2d 641, 647 (6th Cir.1991). Kornokovich argues that the second paragraph is ambiguous as it could apply to all retired employees or just those who retired during the term of the collective bargaining agreement. Thus, Kornokovich contends that the District Court erred by granting summary judgment because the District Court may only interpret contractual language as a matter of law when the language is unambiguous. The question of whether contract language is ambiguous is a question of law, see Parrett v. American Ship Bldg. Co., 990 F.2d 854, 858 (6th Cir.1993), and we therefore review the District Court's decision regarding ambiguity de novo.
 
 
 17
 Section 23.6 contemplates phasing in payment for health insurance benefits for early retirees, those retired in disability pensions and those working after age 65. In the last sentence of the first paragraph, the company agreed to pay one-half of those insurance premiums effective June 1980. In the second paragraph, the company agreed to pay the entire cost of the same insurance benefits effective June 1981. In light of the continuity of topics between paragraphs, we must read these paragraphs together. See Joint App. at 171.
 
 
 18
 When we read the paragraphs together, it is clear that the benefits conferred under the second paragraph of section 23.6 only apply to those who retired under the terms of the 1979-82 collective bargaining agreement. We reject Kornokovich's interpretation, that the phrase "retired employees" in the second paragraph includes those who retired prior to the 1979-82 collective bargaining agreement, for two reasons. First, Kornokovich's interpretation would render the triggering language, "age 62," entirely unnecessary if the health insurance obligation was intended to apply to past retirees. Additionally, the parties' use of the phrase "continue to carry coverage" illustrates an intent to apply retirement benefits only to those retiring under the terms of the 1979-82 collective bargaining agreement, not past retirees. Thus, we conclude that the contract language is not ambiguous and the District Court correctly granted summary judgment for the defendants on this issue.
 
 V.
 
 19
 Next, Banks argues that the District Court erred by entering a judgment on the merits against him. Both parties agree that there was no ongoing controversy concerning Banks' benefits and therefore Banks' claims were moot. We conclude that the District Court erred by entering judgment against Banks when his case was moot. Thus, we reverse the District Court's judgment against Banks.
 
 VI.
 
 20
 For the reasons stated, we AFFIRM the judgment as to Kornokovich, and REVERSE the judgment as to Banks and REMAND that claim to the District Court with directions to dismiss as moot.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Defendants argue that plaintiffs are recharacterizing their lawsuit on appeal as limited to the two named plaintiffs when actually the plaintiffs sought broad-based class relief in the District Court. For purposes of this appeal, plaintiffs have only raised issues relating to plaintiff Kornokovich and plaintiff Banks and we will address only these issues. We express no opinion on the breadth of the judgment rendered in the District Court
 
 
 [2]
 Both Locals merged in 1991 and the combined organization retained the Local 1086 designation
 
 
 [3]
 Although the parties made cross-motions for summary judgment, the District Court's order simply stated that it entered judgment for the defendants. From this statement, we infer that it denied plaintiffs' motion for summary judgment and granted the defendants' motion for summary judgment